UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re                                                           :
                                                                :
DIRECT ACCESS PARTNERS, LLC,                                    :      Chapter 7
                                                                :
                        Debtor.                                 :      Case No. 15-11259 (MEW)
------------------------------------------------------------ x
YANN GERON, Chapter 7 Trustee of                                :
Direct Access Partners, LLC,                                    :
                                                                :      Adv. Pro. No. 16-01058 (MEW)
                        Plaintiff,                              :
                                                                :
                        -v-                                     :
                                                                :
JAMES CRAIG, JOSEPH E. FLORES DE                                :
MENESES AND GERARD M. VISCI,                                    :
                                                                :
                        Defendants.                             :
------------------------------------------------------------ x

DECISION DENYING MOTION IN ADVANCE OF TRIAL TO APPLY
DOCTRINE OF COLLATERAL ESTOPPEL TO BAR DEFENDANT
DE MENESES FROM ASSERTING DEFENSES OF VALUE AND GOOD FAITH

A P P E A R A N C E S :

GOTTLIEB & JANEY LLP
*Special Counsel to Chapter 7 Trustee Yann Geron*
The Trinity Building
111 Broadway, Suite 701
New York, New York 10006
  By: Derrelle M. Janey, Esq.

MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

Yann Geron, the chapter 7 trustee in the case of Direct Access Partners, LLC, contends that

the defendants received payments that he is entitled to recover on various grounds, including based

on theories that the payments constituted intentional or constructive fraudulent transfers under

federal bankruptcy law and/or under New York State law.   In late 2014, defendant Joseph

De Meneses entered a plea of guilty to Count One of the Indictment in Case No. 14-Crim-240, which charged him with conspiring to violate (i) the anti-bribery provisions of the Foreign Corrupt Practices Act (the "FCPA"), 15 U.S.C. § 78dd-2(a)(1), and (ii) the Travel Act (by engaging in interstate travel with the object of violating the FCPA and New York State's anti-bribery laws), 18 U.S.C. § 1952(a)(3)(A).   The trustee contends that by reason of the doctrine of collateral estoppel the guilty plea bars any contention by De Meneses that he received certain payments from Direct Access Partners in "good faith" or for "value."   De Meneses is not represented by counsel and has not filed a response, but the Court has independently reviewed the motion to determine if it has merit.

Collateral estoppel applies "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Arizona v. California*, 530 U.S. 392, 414 (2000) (citing Restatement (Second) of Judgments § 27, p. 250 (1982)); *see also Zimmerman v. Tower Ins. Co. of N.Y.*, 788 N.Y.S.2d 309, 310 (2004).   The Trustee bears the burden of showing that, among other things, the issues in both proceedings are identical.   *New York v. Julius Nasso Conccrete Corp.*, 202 F. 3d 82, 86 (2d Cir 2000) (internal citation omitted).

Here, the judgment of conviction in the criminal case demonstrates that (1) there was an agreement between two or more persons, including De Meneses, to commit an unlawful act; (2) De Meneses knowingly engaged in the conspiracy intending to commit those offenses that were the objects of the conspiracy, here violations of the FCPA and the Travel Act; and (3) one or more members of the conspiracy had committed an overt act in furtherance of the conspiracy.   *See United States v. Allen*, 788 F.3d 61, 70 (2d Cir. 2015) (setting forth the elements of the conspiracy offense prohibited by 18 U.S.C. § 371).   If factual issues arise at trial concerning those particular

matters the guilty plea would have collateral estoppel effect as to them.  However, the trustee is not on solid ground in contending that the judgment of conviction actually and necessarily resolved all issues relevant to the "value" and "good faith" defenses to the fraudulent transfer claims that are pending in this Court.

The fraudulent transfer claims allege that Direct Access Partners made transfers to De Meneses with the actual intent to hinder, delay or defraud creditors of Direct Access Partners. It is a defense to such contentions that transfers were received for "value" and in "good faith."  11 U.S.C. § 548(c).  The Trustee's constructive fraudulent transfer claims under the Bankruptcy Code also require proof that Direct Access did not receive "reasonably equivalent value" in exchange for the payments that it made to De Meneses. 11 U.S.C. § 548(a)(1)(B).  New York law similarly provides that a claim to recover an intentional fraudulent transfer may not be made against a person who has received property for "fair consideration" and "without knowledge of the fraud," NY Debtor & Creditor Law § 278, and that a constructive fraudulent transfer claim may not be asserted if the defendant provided "fair consideration" for a transfer.  *Id.* §§ 273, 274, 275.  The term "fair consideration" includes a requirement that property be received in "good faith."  *Id.* § 272.

The trustee argues that "good faith" is lacking if a defendant receives transfers with knowledge of "the fraud," and that in this case De Meneses' conviction shows that he had knowledge of the underlying bribery scheme.  But the trustee is mixing apples and oranges.  The "fraud" that is relevant in considering the "good faith" defense is the alleged fraud upon which the intentional fraudulent transfer claim is based – namely, a fraud aimed at creditors.  *In re Bayou Group, LLC*, 439 B.R. 284, 310 (S.D.N.Y. 2010) (in evaluating the good faith defense under 11 U.S.C. § 548(c), "[t]he first question typically posed is whether the transferee had information . . . that *the transfer might be made with a fraudulent purpose*" (emphasis added)); *Terry v. June*,

432 F. Supp. 2d 635, 641 (W.D. Va. 2006) ("In order to establish the element of good faith, the transferee must prove [among other things that] he did not have knowledge of facts that should have reasonably put him on notice that *the transfer was made in order to delay, hinder, or defraud creditors* of the debtor" (emphasis added)).   Proof that the defendant knowingly conspired to violate the FCPA's anti-bribery provisions and the Travel Act is not proof of knowledge of, or participation in, an alleged separate fraud pursuant to which transfers allegedly were made for the purpose of injuring creditors of Direct Access Partners.  *See Sharp Int'l Corp. v. State Street Bank & Trust Co. (In re Sharp Int'l Corp. & Sharp Sales Corp.)*, 403 F.3d 43, 54-56 (2d Cir. 2005) (holding that a lender's knowledge that debtor repaid its loans with fraudulently obtained funds did not constitute a lack of "good faith" under New York's constructive fraud statute when lender provided loan in good faith, and further rejecting a claim based on intentional fraudulent transfer theories on the ground that such a claim would require proof of fraud in connection with the transfer to the lender, rather than fraud in connection with the manner in which the borrower acquired funds from others).

During his plea allocution, which the District Court used as a factual basis for accepting his guilty plea, De Meneses acknowledged that he had received some payments that were intended to compensate him for his participation in the fraud and that were recorded on the books of the company as "loan repayments," though that characterization was false.  If those matters were essential to De Meneses' conviction then his statements would constitute collateral estoppel both as to the lack of fair consideration for the payments and as to De Meneses' knowledge of the same. However, it appears that such matters were not actually necessary to the conviction itself.  The crime set forth in Count One of the Indictment, to which De Meneses pleaded guilty, only included De Meneses' knowing participation in the conspiracy to perpetrate the bribery scheme.  There was

-4-

no indication in Count One of the Indictment, or during the plea hearing, that his receipt of compensation was an element of the crime.

The trustee alleges that a separate forfeiture order was entered against De Meneses, and that this allegedly was based on the amounts of the payments that De Meneses received. If the forfeiture order constituted a judgment that could be tied precisely to the amounts that the trustee is seeking to recover in his fraudulent transfer claims, then a stronger case for collateral estoppel might be stated. The plea transcript shows that De Meneses and the Government had entered into a proposed consent order pursuant to which De Meneses agreed to forfeit $2,670.612, and at sentencing the prosecutor stated that the forfeiture order notes that De Meneses had received $2.6 million in criminal proceeds as a result of his participation in the bribery scheme. However, the trustee has not attached the order of forfeiture to his motion. Nor has he shown that the particular "proceeds" that De Meneses acknowledged are the same transfers, from Direct Access, that the trustee seeks to recover here.

De Meneses' prior statements may be admissible against him at trial. F.R.E. 801(d)(2)(A). There may be other evidence (not presented to the Court) as to the forfeiture order that will make clear how it was determined and whether it relates to the transfers that the trustee seeks to recover. But on the record presented to the Court, the Court cannot find that the criminal conviction actually and necessarily determined and resolved all of the issues relevant to the "good faith" and "value" defenses to the fraudulent transfer claims that will be tried in this Court. Accordingly, the trustee's motion is denied.

Dated: New York, New York
        December 11, 2017

                                    /s/ Michael E. Wiles
                                    THE HONORABLE MICHAEL E. WILES
                                    UNITED STATES BANKRUPTCY JUDGE